UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LEWIS VINCENT HUGHES, | ) | CASE NO.   C05-0190-JCC |
| | ) | (CR04-411-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES DISTRICT COURT FOR THE WESTERN DIVISION OF WASHINGTON, SEATTLE DIVISION, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Lewis Vincent Hughes is a former federal prisoner who seeks relief in this action from his January 2005 conviction and sentence. It appears that petitioner's sentence expired in June 2005. The application for writ of habeas corpus which was submitted to this Court for review challenges the legality of Hughes' restraint on the grounds that he was charged under an invalid law and his prosecution therefore violated due process.[1] This Court, having reviewed the pending application for writ of habeas corpus, concludes that the application should be denied and this action should be dismissed with prejudice.

---

[1] The instant application for writ of habeas corpus is essentially a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a federal court sentence. The application cites to 62 Stat. 967 and 63 Stat. 105 as the basis of this Court's jurisdiction over the application. However, these citations are merely the statute at large citations for the enacting legislation for § 2255.

REPORT AND RECOMMENDATION
PAGE -1

## BACKGROUND

On August 25, 2004, Hughes was arrested on charges of resisting and impeding federal agents in the performance of their duties in violation of 18 U.S.C. § 111(a)(1), and obstructing and resisting officers of the United States in violation of 18 U.S.C. § 1501. (CR04-411JCC, Dkt. No. 1.) The charges filed against Hughes arose out of an attempt by federal agents to execute a search warrant at Hughes' residence. (*See id.*)

Hughes was brought before the court for an initial appearance on August 26, 2004, and was subsequently ordered detained pending trial. (*Id.*, Dkt. Nos. 4, 6 and 11.) On September 8, 2004, a federal grand jury returned an indictment charging Hughes with forcibly resisting and impeding federal agents in performance of their duties in violation of 18 U.S.C. § 111(a)(1), and with resistance to an official search in violation of 18 U.S.C. § 2231(a). (*Id.*, Dkt. No. 18.) Hughes proceeded to trial on the charges. The charge of resistance to an official search was dismissed by the government at trial. (*See id.*, Dkt. No. 78.) On October 22, 2004, Hughes was found guilty on the charge of resisting and impeding federal agents in the performance of their duties. (*Id.*, Dkt. Nos. 78 and 84.) On January 21, 2005, Hughes was sentenced to ten months confinement. (*Id.*, Dkt. No. 108.) It appears that Hughes' sentence has now expired.

The instant application for writ of habeas corpus was originally filed in the United States District Court for the District of Columbia on January 13, 2005. The application was filed in this Court on January 28, 2005, and was referred to the undersigned on June 17, 2005. A review of the application reveals that, while it was filed on behalf of Lewis Vincent Hughes, it was actually prepared and signed by Edward William Wahler pursuant to a power of attorney executed by Hughes.[2] No response was ordered to the application for writ of habeas corpus because it is clear

---

[2] On July 8, 2005, the Court received a document entitled "Writ of Error *Corum Vobis* Mandatory Judicial Notice of Dismissal" from Hughes himself. In that document, Hughes requests that this Court set aside the judgment entered in his criminal case and release him from his unlawful confinement. While not entirely clear, it appears that the purpose of Hughes' most recent filing is to obtain a ruling on the application for writ of habeas corpus.

REPORT AND RECOMMENDATION
PAGE -2

from the face of the motion that petitioner is not entitled to relief.

## DISCUSSION

The application for writ of habeas corpus now before this Court for review was filed on behalf of Lewis Vincent Hughes in an attempt to challenge the constitutionality of Hughes' confinement. However, as noted above, it is clear from the face of the application that the application was, in fact, signed by Edward William Wahler pursuant to a power of attorney executed by Hughes. (*See* Dkt. No. 1 at 3.)

The Ninth Circuit made clear in *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997), that an individual acting pursuant to a general power of attorney does not have the right to assert a constitutional claim on behalf of another individual. As the Court explained, "constitutional claims are personal and cannot be asserted vicariously. While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Id*. at 876 (citations and internal quotes omitted). Because it is clear from the face of the application that Mr. Wahler is attempting to assert constitutional claims on behalf of Hughes, the Court cannot entertain the application for writ of habeas corpus.

In addition, even assuming the instant application were properly before the Court, the application fails to establish that Hughes is entitled to any relief from his conviction and sentence. Mr. Wahler asserts, on behalf of Hughes, that Hughes is being illegally restrained because he was prosecuted under an invalid law. Mr. Wahler contends that Titles 18 and 28 of the United States Code are invalid because Congress was not in session on June 25, 1948, the date these laws were purportedly enacted.

Mr. Wahler's contention that Hughes was prosecuted under an invalid law is frivolous. Hughes was charged and convicted under Title 18. Title 18 was enacted into positive law by the Congress of the United States on June 25, 1948. *See* 62 Stat. 683. When a title of the United States Code has been enacted into positive law, the text of the Code constitutes "legal evidence of the laws." 1 U.S.C. § 204(a); *see United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am.,*

*Inc.*, 508 U.S. 439, 448 n. 3 (1993). Title 18 is a valid law. Mr. Whaler offers no persuasive authority to the contrary.

To the extent Mr. Wahler also intends to argue that the federal government had no jurisdiction to prosecute Hughes for activities that occurred on his private property, and that the trial court had no jurisdiction to allow the prosecution, the argument is also frivolous. Hughes was charged with committing offenses against the laws of the United States, in Snohomish, within the Western District of Washington. The United States Attorney for the Western District of Washington is charged with prosecuting all such offenses, *see* 28 U.S.C. § 547, and this court has original jurisdiction over all such offenses, *see* 18 U.S.C. § 3231. Thus, Hughes was properly charged in this court and this court properly exercised jurisdiction over petitioner's criminal proceedings.

## CONCLUSION

For the reasons set forth above, this Court recommends the application for writ of habeas corpus filed on behalf of Lewis Vincent Hughes be DENIED and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  1st  day of  August , 2005.

_____
Mary Alice Theiler
U.S. Magistrate Judge